**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KSENIIA PETROVA,<br><br>Plaintiff,<br><br>v.<br><br>TODD W. BLANCHE,<br>Acting United States Attorney General,<br><br>DAREN K. MARGOLIN, Director,<br>Executive Office for Immigration Review,<br>United States Department of Justice,<br><br>TODD A. MASTERS, Immigration Judge,<br>Boston Immigration Court,<br><br>Defendants, | Civil Action No. 26-11825<br><br>**COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1. Physically, Ms. Petrova is in the United States and has been since her arrival on February 16, 2025. Legally, however, she is still standing at the border, awaiting a determination of her admissibility in J-1 nonimmigrant status as an international research scholar. This action seeks mandamus and emergency injunctive relief to compel the immigration judge ("IJ") presiding over Ms. Petrova's removal proceedings to adjudicate her pending motion for admission.

2. The IJ previously denied Ms. Petrova's request for admission on a single ground: that her J-1 visa had been canceled by U.S. Customs and Border Protection (CBP) at the time of her entry.

3. The United States District Court for the District of Vermont ("the habeas court") has since declared that visa cancellation unlawful and set it aside under the Administrative Procedure Act, 5 U.S.C. § 706. *See Petrova v. Dep't of Homeland Sec.*, No. 2:25-cv-00240 (D. Vt. April 7, 2026).

Ms. Petrova promptly filed a renewed motion for admission before the IJ, explaining that the sole basis for the prior denial no longer exists. *See* **Exhibit B**.

4. Ms. Petrova's reinstated J-1 visa expires on April 26, 2026. Absent a ruling on her admissibility before that date, she will again lack a valid visa – creating a new and entirely avoidable basis for denial.[1]

5. Despite the urgency, both Ms. Petrova's motion for admission filed on April 8, 2026, and her emergency motion requesting an immediate ruling remain pending before the Boston Immigration Court, and no hearing on the renewed motion for admission has been set.

## II. PARTIES

6. Plaintiff KSENIIA PETROVA is a researcher at Harvard Medical School and an applicant for admission to the United States. She arrived on February 16, 2025 with a valid J-1 visa, which CBP unlawfully canceled upon her arrival. *See Petrova v. DHS*, No. 25-00240 (D. Vt. April 7, 2026). Ms. Petrova was thereafter placed in removal proceedings under 8 U.S.C. § 1229a, where her admissibility must be determined by an immigration judge. *See* 8 U.S.C. § 1229a(a)(1); 8 C.F.R. § 1240.1.

7. Defendant TODD W. BLANCHE is the Acting Attorney General of the United States. In that capacity, he oversees the Department of Justice and its component agencies, including the Executive Office for Immigration Review. He is sued in his official capacity.

---

[1] The expiration date of a nonimmigrant visa is relevant only to an applicant's ability to seek admission. *See* 22 C.F.R. § 41.112 ("The period of validity of a nonimmigrant visa is the period during which the alien may use it in making application for admission. The period of visa validity has no relation to the period of time the immigration authorities at a port of entry may authorize the alien to stay in the United States."). If and when Ms. Petrova is admitted in J-1 status, the duration of her authorized stay will be governed by her Form DS-2019 issued by Harvard University, under duration of status ("D/S") rules applicable to J-1 nonimmigrants.

8. Defendant DAREN K. MARGOLIN is the Director of the Executive Office for Immigration Review within the U.S. Department of Justice. He oversees immigration court proceedings and supervises immigration judges. He is sued in his official capacity.

9. Defendant TODD A. MASTERS is an immigration judge at the Boston Immigration Court. He is responsible for adjudicating matters, including applications for admission, in removal proceedings. He is sued in his official capacity.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1361 (mandamus), 28 U.S.C. § 1331 (federal question), and 5 U.S.C. §§ 555(b), 706 (Administrative Procedure Act). Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." The APA independently requires every government agency to "conclude a matter presented to it … [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time," 5 U.S.C. § 555(b), and authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

11. 8 U.S.C. § 1252 does not strip this Court of jurisdiction. Plaintiff does not challenge any discretionary judgment. She challenges only the Immigration Judge's unreasonable delay taking action on Plaintiff's renewed motion for admission consistent with the recent federal court ruling in *Petrova v. Dep't of Homeland Sec.*, No. 2:25-cv-00240 (D. Vt. April 7, 2026). Because the issuance of a decision on a pending motion is a non-discretionary duty, this Court retains jurisdiction over the claim.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1), because the immigration court is located in this District and Plaintiff resides here.

## IV. FACTUAL ALLEGATIONS

13. Ms. Petrova is a research scientist currently working at Harvard Medical School who has been conducting scientific research in the United States pursuant to a J-1 exchange visitor visa since May 2023.

14. On February 16, 2025, after a brief trip to Europe, Ms. Petrova arrived at Boston Logan International Airport seeking re-admission to the United States in J-1 nonimmigrant status to resume her research at Harvard Medical School.

15. During inspection by U.S. Customs and Border Protection ("CBP"), officers discovered research materials (inert, formalin-fixed embryonic frog cells) in her luggage.

16. Following questioning, a CBP officer canceled Ms. Petrova's valid J-1 visa for an alleged customs violation and deemed her inadmissible for lack of a valid visa or entry document. *See* 8 U.S.C. § 1182(a)(7).

17. The CBP officer's actions were unprecedented. As the habeas court observed, "[t]he undisputed facts reveal that Ms. Petrova's visa was impermissibly canceled because of the frog embryo samples and for no other reason." The government failed to identify any authority permitting a CBP officer to cancel a valid visa under such circumstances, and could not cite a single comparable case.

18. Ms. Petrova was then transferred to the custody of U.S. Immigration and Customs Enforcement (ICE) and spent the following three months in immigration detention – first, in Vermont and then in Louisiana.

19. On February 23, 2025, Ms. Petrova filed a petition for a writ of habeas corpus in the United States District Court for the District of Vermont, challenging the legality of her detention and the government's actions at Logan Airport.

20. On May 2, 2025, shortly after the habeas court had scheduled a hearing on Ms. Petrova's release, the federal government initiated a criminal investigation against her for smuggling. The investigation was initiated by Homeland Security Investigations headquarters, rather than through local authorities.

21. On May 12, 2025 – two days before the scheduled habeas hearing – the government filed a criminal complaint in this Court charging Ms. Petrova with smuggling under 18 U.S.C. § 545. *See USA v. Kseniia Petrova*, No. 1:25-mj-05150-JGD. The complaint was filed under seal.

22. Also on May 12, 2025, the Commonwealth of Massachusetts filed an amicus brief in Ms. Petrova's habeas case challenging Ms. Petrova's detention as allegedly being part of the Trump Administration's attack on foreign students studying in the United States and its "policy of wielding immigration enforcement against students and academics as punishment for non-existent or minor offenses that should not incur immigration consequences."

23. The habeas court held its hearing on May 14, 2025, expressing skepticism at the government's position, and questioning whether the frog embryos were, in fact, biological specimens which needed to be declared. A further hearing was scheduled for May 28, 2025.

24. Following the May 14th hearing, the government unsealed the criminal complaint and transferred Ms. Petrova to the custody of the U.S. Marshals. The U.S. Attorney for the District of Massachusetts then posted a video on the social media platform X, approving of the unlawful visa cancellation, and describing Ms. Petrova's arrest as proof that "[t]he rule of law does not have a carveout for educated individuals with a pedigree."

25. Both the habeas court and this Court have already expressed concern that the unprecedented felony charge filed against Ms. Petrova for a minor alleged customs violation may have been driven by government displeasure over her use of the courts to secure her right to

liberty and the privilege of admission to the United States. *See, e.g., USA v. Petrova*, 1:25-cr-10272, Dkt. 51 at 45 ("It's hard to ignore the fact that there's a connection between the criminal proceedings and her status in the United States.")

26. This Court has also observed that "Ms. Petrova's status as a Harvard researcher played a significant part in the manner in which her case was handled…" *USA v. Petrova*, 1:25-cr-10272, Dkt. 55 at 5.

27. Further underscoring the connection between the criminal case and her immigration proceedings, the government offered to resolve the criminal prosecution through a deferred prosecution agreement on the condition that Ms. Petrova abandon her immigration claims and self-deport. *Id*. at 11 n.2.

28. In her removal proceedings, Ms. Petrova consistently challenged the legality of CBP's actions, including the visa cancellation and resulting inadmissibility. She submitted six separate briefs explaining why she is "clearly and beyond doubt entitled to be admitted" under 8 U.S.C. § 1229a(c)(2)(A), and requested that the Immigration Judge correct CBP's error and admit her in J-1 status.

29. The IJ expressly acknowledged Ms. Petrova's arguments but concluded that he lacked authority to disregard or set aside the visa cancellation by CBP. *See* **Exhibit A**. As a result, the IJ determined that he could not admit Ms. Petrova in J-1 status. He made his decision "under the premise that [Ms. Petrova's] visa was properly cancelled," and denied admission on that basis. *Id*. at 4.

30. The result was a procedural dead end: despite substantial questions regarding the legality of the government's actions, no relief was available within the removal proceedings themselves.

31. After the habeas court granted her motion for partial summary judgment and set aside the visa cancellation on April 7, 2026, Ms. Petrova renewed her request for admission before Judge Masters, because the sole basis for his prior decision had been eliminated. Ms. Petrova's renewed motion to be admitted in J-1 status was filed on April 8, 2026. *See* **Exhibit B**.

32. In its opposition to the motion, the Department of Homeland Security has not identified any valid, independent basis to deny Ms. Petrova's admission. The five-line opposition states in full:

> The District Court order is not a final decision. The order is dated April 7, 2026 and notice of appeal is due within 60 days after entry of the judgement [sic] or order. Fed. R. Civ. P. 4(a)(1)(B). Further, Customs and Border Patrol ("CBP") has not admitted the respondent and the Immigration Judge previously sustained removability. DHS respectfully requests that the court deny respondent's motion.

*See* **Exhibit C**.

33. The opposition did not cite any authority for the proposition that the habeas court's order was not final. No stay of that order has been sought or granted.

34. The opposition did not identify any alternative grounds of inadmissibility or any reason why Ms. Petrova is not clearly and beyond doubt admissible to the United States. *See* 8 U.S.C. § 1229a(c)(2)(A).

35. Faced with the imminent expiration of her now-reinstated J-1 visa, on April 19, 2026, Ms. Petrova filed an emergency motion with the Boston Immigration Court requesting immediate adjudication of her pending motion for admission. The motion explained that Ms. Petrova's reinstated J-1 visa is set to expire on April 26, 2026, and that a ruling prior to that date is necessary to preserve the IJ's ability to grant effective relief.

36. Despite the absence of any identified legal impediment – and the imminent expiration of Ms. Petrova's visa – the Immigration Judge has not ruled on either the motion for admission or the emergency motion for immediate adjudication, both of which remain pending.

37. Absent immediate adjudication, Ms. Petrova will suffer irreparable harm: once her visa expires on April 26, 2026, she will again lack a valid visa, and the IJ will have another basis to deny admission.

38. Recent public reporting has documented increasing pressure on immigration judges to avoid issuing rulings perceived as favorable to noncitizens. *See, e.g.*, Ted Koppel, Former judges speak out on Trump admin's immigration court purges, *CBS News*, Apr. 19, 2026; Nicholas Nehamas, Allison McCann, Steven Rich, Jazmine Ulloa and Hamed Aleaziz, How Trump Purged Immigration Judges to Speed Up Deportations, *N.Y. Times*, April 9, 2026.

39. Against that backdrop, the IJ's apparent reluctance to act in light of the habeas court's ruling reflects the pressure immigration judges – employees of the Department of Justice – now face when adjudicating immigration cases and underscores why the relief Ms. Petrova seeks must be compelled through this Court.

40. The circumstances of this case further underscore the absence of any adequate administrative remedy. Despite prevailing in federal court on the visa cancellation issue, facing no identified substantive ground of inadmissibility, and demonstrating eligibility for admission, Ms. Petrova remains unable to obtain a ruling from the Immigration Court.

41. Even to obtain employment authorization for which she was statutorily eligible under 8 U.S.C. § 1158(c)(1)(B), Ms. Petrova was forced to initiate a separate mandamus proceeding to compel agency action. *See Petrova v. Edlow*, No. 1:25-cv-13836 (D. Mass. 2025).

## V. CLAIMS FOR RELIEF

### COUNT ONE
### (Writ of Mandamus, 28 U.S.C. § 1361)

42. All the foregoing allegations are repeated and realleged as though fully set forth herein.

43. Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

44. To prevail on a claim for mandamus, Plaintiff must show that 1) she has a clear right to relief; 2) there is no other adequate remedy to obtain the relief she seeks; and 3) Defendant has a clear duty to act. *Town of Wellesley, et al. v. Federal Energy Regulatory Commission, et al*., 829 F.2d 275, 277 (1st Cir. 1987). Plaintiff meets the required criteria in this case.

45. First, Ms. Petrova has properly filed a motion for admission with the immigration judge presiding over her removal proceedings. She has a clear right to have the motion adjudicated.

46. Second, no other adequate remedy exists. Because the IJ refuses to act, Ms. Petrova stands to permanently lose the ability to be admitted in J-1 status due to the imminent expiration of her visa.

47. Third, the IJ has a non-discretionary duty to adjudicate matters properly before him. *See* 8 U.S.C. § 1229a(a)(1) (requiring immigration judges to conduct proceedings to decide inadmissibility and removability); 8 C.F.R. § 1003.10(b) (providing that immigration judges shall exercise independent judgment "in deciding" the cases before them). By failing to rule on Ms. Petrova's pending motion for admission and emergency motion for adjudication, the IJ has unlawfully withheld agency action.

48. Adjudication of a properly filed motion is a non-discretionary duty the IJ is obligated to perform, particularly where a federal court has eliminated the sole basis for the prior denial. As Ms. Petrova has no alternative means to obtain adjudication of her pending motion, her right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

**COUNT TWO**
**(Violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1))**

49. All the foregoing allegations are repeated and realleged as though fully set forth herein.

50. Plaintiff is entitled to a decision on her application "with due regard for the convenience and necessity of the parties and within a reasonable time." 5 U.S.C. § 555(b).

51. The IJ's failure to adjudicate Plaintiff's motion for admission despite the imminent expiration of her now-reinstated visa is unreasonable and disregards "the convenience and necessity" of Plaintiff.

52. Section 706(1) of Title 5 provides that a reviewing court shall compel agency action "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

53. The IJ's failure to adjudicate a properly filed motion for admission constitutes agency action unlawfully withheld and unreasonably delayed in violation of the Administrative Procedure Act.

## V. PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

1. Issuing a Writ of Mandamus and / or granting relief under the Administrative Procedure Act and requiring the Boston Immigration Court to adjudicate Plaintiff's pending motion for admission, consistent with the habeas court's April 7, 2026 ruling;

2. Declaring that Defendants' failure to adjudicate Plaintiff's properly filed motion constitutes unlawful agency inaction causing irreparable harm;

3. Retaining jurisdiction until adjudication is complete, to prevent further delay and ensure compliance with this Court's orders;

4. Awarding attorney's fees and costs to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2); and

5. Granting such other relief as the Court deems just and proper.

Dated: April 20, 2026

Respectfully submitted,

s/Gregory Romanovsky
GREGORY ROMANOVSKY
Romanovsky Law Offices
12 Marshall Street
Boston, MA 02108
617.787.0000
gromanovsky@gmail.com

Attorney for Plaintiff